United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

—————

No. 06-00009

—————

JAMES WALLACE; REBECCA WALLACE; SANDRA QUILLIN;
DELLARENE HODGES; RAPHAEL ORGERON; DIANNE
ORGERON; Individually & On Behalf of All Others Similarly
Situated,

Plaintiffs-Respondents,

versus

LOUISIANA CITIZENS PROPERTY INSURANCE
CORPORATION; ET AL,

Defendants,

LOUISIANA CITIZENS PROPERTY INSURANCE
CORPORATION; ANPAC LOUISIANA INSURANCE COMPANY;
LOUISIANA FARM BUREAU CASUALTY INSURANCE CO;
LOUISIANA FARM BUREAU MUTUAL INSURANCE CO,

Defendants-Petitioners.

Petition for Leave to Appeal
Under 28 U.S.C. § 1453(c)

Before SMITH, GARZA, and PRADO, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Louisiana Farm Bureau Mutual Insurance Company, Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau"), Louisiana Citizens Property Insurance Corporation ("LCPIC"), and ANPAC Louisiana Insurance Company ("ANPAC") (collectively "Petitioners") petition for this court to accept their appeal under 28 U.S.C. § 1453(c)(1), contending that the district court erred in remanding the underlying case to state court, because it was properly removed to federal district court under 28 U.S.C. § 1441(e)(1)(B).[1]

I

The Insurers listed above are defendants in the action below ("the *Wallace* action"), a class action brought in Louisiana State court by individuals ("Plaintiffs") who incurred flood damage due to Hurricane Katrina. Farm Bureau (on behalf of themselves and the other defendants) removed to the United States District Court for the Eastern District of Louisiana, asserting that subject matter jurisdiction over the case existed under § 1441(e)(1)(B). This section, part of the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"), provides, in part:

> [A] defendant in a civil action in a State court may remove the action to the district court . . . if . . . the defendant is a party to an action which is or could have been brought . . . under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

28 U.S.C. § 1441(e)(1)(B). Petitioners contend that they meet the requirements of § 1441(e)(1)(B) because they are parties to a separate class action based on 28 U.S.C. § 1369 (the *Chehardy* action")

---

[1] Petitioners also move for a stay of the district court's remand order, pending the outcome of this appeal.

Each of the defendants adopts the Farm Bureau's arguments as to § 1453(c)(3) and § 1441(d)(1)(B). We do not discuss the other issues raised since these were not addressed by the district court in the remand order. *See In re Shell Oil Co.*, 932 F.2d 1518, 1521 (5th Cir. 1991) (noting that on appeal we review the order entered by the district court ).

-2-

which arises from the same accident (Hurricane Katrina) as the instant case.[2] Specifically, Petitioners are defendants in a currently-pending class action suit in the United States District Court for the Middle District of Louisiana, *Chehardy, et al. v. Louisiana Ins. Comm., et al.* In the *Wallace* action, they aver that because the District Court for the Middle District may exercise subject matter jurisdiction under 28 U.S.C. § 1369(a) over the *Chehardy* suit, a case that also deals with insurance claims flowing from Hurricane Katrina, the District Court for the Eastern District may exercise supplemental subject matter jurisdiction over the *Wallace* suit under § 1441(e)(1)(B).

The district court remanded to state court, reasoning that the mandatory abstention provisions of § 1369(b) did not permit the suit to be heard in federal court.[3] Farm Bureau now ask this court to accept consideration of their appeal, arguing on the merits that the district court erred when it read § 1369(b)'s limitations into the removal statute of § 1441(e)(1)(B).

II

Generally, the power of the federal courts to review a remand order is limited. 28 U.S.C.

---

[2]     28 U.S.C. § 1369(a) provides:
(a) The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if) )
(1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
(2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
(3) substantial parts of the accident took place in different States.

[3]     28 U.S.C. § 1369(b) provides:
(b) Limitation of jurisdiction of district courts.) ) The district court shall abstain from hearing any civil action described in subsection (a) in which) )
(1) the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and
(2) the claims asserted with be governed primarily by the laws of that State.

1447(d); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995). Petitioners argue, however, that we may hear the appeal under 28 U.S.C. § 1453(c)(1), part of the recently enacted Class Action Fairness Act ("CAFA"), which states:

> Section 1447 shall apply to any removal of a case under this section, except that notwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not less than 7 days after entry of the order.

We disagree that § 1453(c)(1) confers appellate jurisdiction over the instant appeal. The plain language of this provision indicates that its terms apply "to any removal of a case *under this section*," referring to § 1453, the provision of CAFA which permits the removal of class actions. Furthermore, the legislative history of CAFA also indicates that § 1453(c)(1) was enacted to ensure expeditious review of remand decisions in class action suits brought under the new legislation. *See* S.REP. NO. 109-14, at 49 (2005). The application of § 1453(c)(1) is therefore limited to the context of CAFA. Farm Bureau based their notice of removal solely on § 1441(e)(1)(B), a provision of the MMTJA. Not only was the notice of removal based on the MMTJA, but their opposition to the plaintiffs' motion to remand expressly disavowed any reliance on CAFA. There is thus no nexus with CAFA that would justify the exercise of appellate jurisdiction under § 1453(c)(1). Accordingly, we lack appellate jurisdiction under § 1453(c)(1) and, therefore, do not reach the question whether to accept petitioner's appeal.

However, we may still possess appellate jurisdiction under 28 U.S.C. § 1291.[4] The Supreme Court has recognized "a narrow class of collateral orders which do not meet th[e] definition of

---

[4]     This additional ground for the exercise of appellate jurisdiction was raised by petitioners and briefed by both parties.

-4-

finality, but which are nevertheless immediately appealable under § 1291." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996). Though ordinarily, 28 U.S.C. § 1447(d) bars consideration of a remand order, the Supreme Court has instructed us that the § 1447(d) limitation on appellate review of remands "must be read *in pari materia* with § 1447(c)." *Quackenbush*, 517 U.S. at 711-12. An "abstention-based remand order does not fall into either category of remand order described in § 1447(c), as it is not based on lack of subject matter jurisdiction or defects in removal procedure." *Id.* at 712. We thus have jurisdiction to review the remand order if it was premised on abstention. *See Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 283 (5th Cir. 2004) (citing *Quackenbush*, 517 U.S. at 712).

The district court based its remand on § 1369(b), stating that "this court must abstain from exercising jurisdiction over" the *Wallace* action. The district court held that even if subject matter jurisdiction could be said to exist under § 1441(e)(1)(B), the abstention principles of § 1369(b) still applied and barred the district court from hearing the case. Plaintiffs argue that the remand was not abstention-based but rather based on a lack of subject matter jurisdiction and that therefore it is not reviewable on immediate appeal. They bolster their argument by pointing to a later order by the district court, which suggested that its prior remand order was rooted in a lack of jurisdiction.

Although the subsequent order states that the remand was based on lack of subject matter jurisdiction, the original remand order plainly refers to abstention under § 1369(b). *See In re Digicon Marine, Inc.*, 966 F.2d 158, 160 (5th Cir. 1992) (allowing appellate review of a remand order, explaining "[d]espite the district court's description of the remand as one based on a lack of subject matter jurisdiction in its order on reconsideration, the district court's original remand order clearly indicates on its face that the remand was not based upon lack of original subject matter jurisdiction").

Section 1369(b) is an abstention provision. It assumes subject matter jurisdiction under § 1369(a), but abstains where the "substantial majority" of the plaintiffs and the "primary defendants" are citizens of the same state and the claims at issue are "governed primarily by the laws of that State." It does not deprive federal courts of subject matter jurisdiction, but rather, acts as a limitation upon the exercise of jurisdiction granted in § 1369(a).

Abstention implies that there is subject matter jurisdiction but for some other policy reason, a court refrains from exercising that power to hear the merits of a case. *See England v. Louisiana State Bd. of Medical Examiners*, 375 U.S. 411, 415-16 (1964) (observing that abstention "accord[s] appropriate deference to the respective competence of the state and federal court systems" while "recogniz[ing] that abstention does not, of course, involve the abdication of federal jurisdiction"). The only court to have parsed this relatively new statute also reads 28 U.S.C. § 1369(b) as a mandatory abstention provision. *Passa v. Derderian*, 308 F.Supp. 2d 43, 56-57 (D.R.I., 2004). That court articulated the logic behind the abstention, explaining:

> Congress identified certain exceptional circumstances in disaster litigation cases where the state court's interest in hearing the matter outweighs the federal interest in multidistrict, multiforum consolidation)) namely, where the tragedy is sufficiently local in character as to satisfy the tenets of § 1369(b)(1) and (2). In these cases, although jurisdiction is otherwise proper under § 1369(a), the text of § 1369(b) instructs district courts to abstain from hearing them.

*Id.* at 57. Treating § 1369(b) as an abstention provision thus comports with not only the plain language of the statute but also with the underlying rationale for abstention provisions generally.

Because the district court based its remand on abstention principles, we have appellate jurisdiction to hear this appeal from the district court's remand order under § 1291.

III

-6-

On the merits of their appeal, Petitioners argue that the district court erred by applying § 1369(b) to a case removed under § 1441(e)(1)(B).[5] Although the district court recognized that Farm Bureau removed under § 1441(e)(1)(B), the court did not determine whether the defendants met the requirements of § 1441(e)(1)(B), instead stating that even if the defendants could meet those requirements, the abstention provisions of 1369(b) prevented the case from being heard in the federal courts.

The district court misapplied mandatory § 1369(b) abstention to the exercise of supplemental jurisdiction established by § 1441(e)(1)(B). Section 1369(b) applies only to original jurisdiction under § 1369(a). By its own terms, § 1369(b) limits its application to "any civil action described in subsection (a)." Subsection (a) sets out the prerequisites for original jurisdiction under the MMTJA. Thus, it is proper for a district court to abstain from hearing a case brought as an original matter under § 1369(a), when the exceptions listed in § 1369(b) apply. In contrast, § 1441(e)(1)(B) permits removal in those situations where original federal subject matter jurisdiction does not exist. In so allowing, § 1441(e)(1)(B) establishes supplemental jurisdiction over the *Wallace* action, piggy-backing jurisdiction on the district court's original jurisdiction under § 1369(a) over the pending *Chehardy* action. When the requirements of § 1441(e)(1)(B) are met, defendants need not establish the existence of independent subject matter jurisdiction under any other provision, including under § 1369(a), because supplemental jurisdiction has been established. Consequently, § 1369(b) is not an independent bar to the exercise of jurisdiction over a case removed pursuant to § 1441(e)(1)(B),

---

[5]     Although this case comes to us as a petition to accept the appeal, the parties sufficiently address the basis for the underlying appeal, thus allowing us to rule on the merits. We waive the requirements of Rules 3 and 4 of the Federal Rules of Appellate Procedure, governing the filing of a notice of appeal. FED. R. APP. P. 2 ("[A] court of appeals may . . . suspend any provision of these rules in a particular case and order proceedings as it directs.").

as it applies only to the exercise of original jurisdiction under § 1369(a).[6]

This reading of § 1441(e)(1)(B) is consistent with the purposes of the MMTJA. An early House Report explained the logic of the proposed legislation:

> Current efforts to consolidate all state and federal cases related to a common disaster are incomplete because current federal statutes restrict the ways in which consolidation can occur)) apparently without an intention to limit consolidation. For example, plaintiffs who reside in the same state as any one of the defendants cannot file their cases in federal court because of a lack of complete diversity of citizenship, even if all parties to the lawsuit want the case consolidated. For those cases that cannot be brought into the federal system, no legal mechanism exists by which they can be consolidated, as state courts cannot transfer cases across state lines. In sum, full consolidation cannot occur in the absence of federal legislative redress.

H.R. REP. NO. 106-276, at 7 (1999). As this report makes clear, the MMTJA was designed to ameliorate the restrictions on the exercise of federal jurisdiction that ultimately forced parties in multiple suits arising from the same disaster to litigate in several fora. To hamstring the removal statute by misapplying the abstention provisions would undercut the MMTJA's ultimate goal of consolidation.

IV

Therefore, we hold there is no jurisdiction to accept this appeal under 28 U.S.C. § 1453(c)(1); however, we exercise appellate jurisdiction over the appeal under 28 U.S.C. § 1291. Reaching the merits, we VACATE the order of remand and REMAND to the district court for further proceedings

---

[6]     28 U.S.C. § 1441(e)(5) provides:
An action removed under this subsection shall be deemed to be an action under section 1369 and an action in which jurisdiction is based on section 1369 of this title for purposes of this section and sections 1407, 1697, and 1785 of this title.
This sub-section does not require an opposite result from the one reached by this court today, as it merely provides that, for the purposes of certain procedural requirements (venue, service of process, and subpoenas), a case removed under § 1441(c)(1)(B) should be treated as if it were a § 1369 case. It does not trigger the application of the substantive requirements governing the exercise of original jurisdiction under § 1369.

not inconsistent with this opinion.  We also DENY as moot the motion to stay the district court's

remand order.