United States Court of Appeals

Fifth Circuit

**F I L E D**

May 3, 2006

Charles R. Fulbruge III
Clerk

REVISED MAY 23, 2006

In the

United States Court of Appeals

for the Fifth Circuit

_____

№ 06-30215

_____

MARY PATTERSON; BRIAN BATTISTE; THOMAS THIBODEAUX;
ALEX HARTLEY; EDNA B. TAYLOR; EDWARD CARTER; HELEN CARTER; DEMETURIE
SIMMONS; MELVIN FRANKLIN; RONALD SINGLETON;
HELEN RATCLIFF; WILLIE BROWN; CHARLES K. BATTISTE;
LEONARD ACKLIN; JAWANA ACKLIN; DEBRA ELLZEY-HERRON,

Plaintiffs-Appellees,

VERSUS

DEAN MORRIS, L.L.P., ET AL.,

Defendants,

DEAN MORRIS, L.L.P.; LEADER MORTGAGE COMPANY, L.L.C.;
LONG BEACH MORTGAGE COMPANY;
MORTGAGE ELECTRONICS REGISTRATION SYSTEMS, INC.;
COUNTRYWIDE HOME LOANS, INC.; JOHN C. MORRIS, III; GEORGE B. DEAN, JR.;
CANDICE A. COURTEAU; CHARLES H. HECK, JR.; WASHINGTON MUTUAL BANK;
CHASE HOME FINANCE, L.L.C.
AS SUSSESSOR BY MERGER TO CHASE MANHATTAN MORTGAGE CORPORATION;
NATIONAL CITY BANK,
AS SUCCESSOR BY MERGER TO THE PROVIDENT BANK;
U.S. BANK, NATIONAL ASSOCIATION,

Defendants-Appellants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

\* \* \* \* \* \* \* \* \* \* \* \* \*

ROBERT BAUER; SALOME LUCINEO BOYD; JIM T. BRIGHT;
DEBRA BRIGHT; LIONELL J. COLEMAN; LYNN L. COLEMAN;
KEENAN DUCKWORTH; KAREN DUCKWORTH; MERCEDES DUTTON;
MATTHEW DAVID DYER; TERRY HARDY, SR.; TERESE LaBEAUD;
ALTON PIERCE; WILLIE LEE RAULS; ROSALYN VELEARY-DODGE,

Plaintiffs-Appellees,

VERSUS

DEAN MORRIS, L.L.P.; BANKER'S TRUST OF CALIFORNIA;
CHASE MANHATTAN MORTGAGE CORPORATION; WASHINGTON MUTUAL;
MORTGAGE ELECTRONICS REGISTRATION SYSTEMS, INC.;
COUNTRYWIDE HOME LOANS, INC.;
BANK ONE CORPORATION; SUN FINANCE COMPANY, L.L.C.;
OCWEN LOAN SERVICING, L.L.C.,
SUCCESSOR IN INTEREST TO OCWEN FEDERAL BANK, F.S.B.;
JOHN C. MORRIS, III; GEORGE B. DEAN, JR.;
CANDICE A. COURTEAU; CHARLES H. HECK, JR.;
CHASE HOME FINANCE, L.L.C.,
AS SUCCESSOR BY MERGER TO
CHASE MANHATTAN MORTGAGE CORPORATION AND BANK ONE CORPORATION;
DEUTSCHE BANK TRUST COMPANY AMERICAS,
FORMERLY KNOWN AS BANKERS TRUST COMPANY,

Defendants-Appellants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

3

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MARY PATTERSON; LARRY PATTERSON; BRIAN BATTISTE;
DEBRA ELLZEY-HERRON; THOMAS THIBODEAUX; ALEX HARTLEY;
EDNA B. TAYLOR; EDWARD CARTER; HELEN CARTER; DEMETURIC SIMMONS;
MELVIN FRANKLIN; RONALD SINGLETON; HELEN RATCLIFF; WILLIE BROWN;
CHARLES K. BATTISTE; LEONARD ACKLIN; JAWANA ACKLIN,

Plaintiffs-Appellees,

VERSUS

DEAN MORRIS, L.L.P., ET AL.,

Defendants,

DEAN MORRIS, L.L.P.; LEADER MORTGAGE COMPANY, L.L.C.;
LONG BEACH MORTGAGE COMPANY;
CHASE HOME FINANCE, L.L.C.,
AS SUCCESSOR BY MERGER TO CHASE MANHATTAN MORTGAGE CORPORATION;
WASHINGTON MUTUAL BANK;
MORTGAGE ELECTRONICS REGISTRATION SYSTEMS, INC.;
COUNTRYWIDE HOME LOANS, INC.; JOHN C. MORRIS, III;
GEORGE B. DEAN, JR.; CANDICE CORTEAU;
CHARLES H. HECK, JR.; U.S. BANK, NATIONAL ASSOCIATION;
NATIONAL CITY BANK, N.A.,
SUCCESSOR BY MERGER TO PROVIDENT BANK,

Defendants-Appellants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

4

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MARY PATTERSON; LARRY PATTERSON; BRIAN BATTISTE;
DEBRA ELLZEY-HERRON; THOMAS THIBODEAUX; ALEX HARTLEY;
EDNA B. TAYLOR; EDWARD CARTER; HELEN CARTER; DEMETURIC SIMMONS;
MELVIN FRANKLIN; RONALD SINGLETON; HELEN RATCLIFF; WILLIE BROWN;
CHARLES BATTISTE; LEONARD ACKLIN; JAWANA ACKLIN,

Plaintiffs-Appellees,

VERSUS

DEAN MORRIS, L.L.P., ET AL.,

Defendants,

DEAN MORRIS, L.L.P.; LEADER MORTGAGE COMPANY, L.L.C.;
LONG BEACH MORTGAGE COMPANY;
CHASE HOME FINANCE, L.L.C.,
AS SUCCESSOR BY MERGER TO CHASE MANHATTAN MORTGAGE CORPORATION;
WASHINGTON MUTUAL BANK; U.S. BANK, NATIONAL ASSOCIATION;
MORTGAGE ELECTRONICS REGISTRATION SYSTEM, INC.;
COUNTRYWIDE HOME LOANS, INC.; JOHN MORRIS, III;
GEORGE B. DEAN, JR.; CANDICE A. COURTEAU; CHARLES H. HECK, JR.;
NATIONAL CITY BANK, N.A.,
SUCCESSOR BY MERGER TO PROVIDENT BANK,

Defendants-Appellants.

5

Appeal from the United States District Court
for the Eastern District of Louisiana
Nº 2:05-CV-2191
Nº 2:05-CV-2189
Nº 2:05-CV-2178
Nº 2:05-CV-2177

Before SMITH, GARZA , and PRADO,
   Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Defendants appeal an order remanding these class actions to state court for want of jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), and on the ground of equitable remand in bankruptcy. Finding the remand order proper in all respects, we affirm it in regard to CAFA, and we dismiss, for want of jurisdiction, the remand order in the *Bauer* matter and the equitable remand order in the *Patterson* matter.

I.

We may review orders of remand for asserted errors in the application of CAFA.[1] As an initial matter, defendants allege that the district court erred by assigning the burden of proof to them to show that removal was appropriate.[2] It is uncertain from the court's opinion, however, how it assigned the burden of proof. It relied primarily on undisputed documents in the record, such as a fee schedule, fax confirmations, receipts, and a written notice, to determine the commencement date of the suit, and hence, the applicability of CAFA. Because this evidence suffices to answer the jurisdictional question, the allocation of the burden of proof is not relevant to the resolution of this case.

CAFA provides for original jurisdiction in federal court of certain class actions "commenced on or after the date of enactment," which is February 18, 2005. *Id.* Plaintiffs allege that their actions commenced on February 17, 2005, the date they fax-filed their complaints. Defendants allege plaintiffs failed to pay required fees at the time of filing, and

---

[1] *See* 28 U.S.C. § 1453(c)(1); *Wallace v. La. Citizens Prop. Ins. Corp.*, 2006 WL 848585, at *2 (5th Cir. Mar. 31, 2006).

[2] *But see Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447-48 (7th Cir. 2005) (applying the "well established" rule that the proponent of removal bears the burden of persuasion, noting that none of CAFA's language "is even arguably relevant" to the question, and refusing to give the force of law to legislative history purporting to shift the burden to the proponent of remand).

therefore the actions did not commence until May 6, when plaintiffs amended their complaints, or June 14, when they paid the balance of the fees. It is undisputed that, if plaintiffs' actions commenced on or after February 18, CAFA would apply, and remand would be inappropriate.

Louisiana law provides that a party may file an action by fax provided that, within five days of filing, it forwards "[t]he applicable filing fee, if any[, and a] transmission fee of five dollars" to the clerk of court. LA. R.S. 13:850 § B(2), (3). If the filing party fails to comply, the fax transmission "shall have no force or effect." *Id.* § C.

Plaintiffs received a fax confirmation of their filing on February 18, which listed the fees for the *Patterson* suit as $5,127.00 and the fees for the *Bauer* suit as $4,689.00. On February 22, plaintiffs paid the clerk of court $3,039.00 for each of these cases. On May 12, 2005, they received a letter indicating they owed an additional $2,145.50, which they tendered on June 14. Defendants conclude from this late payment that plaintiffs did not comply with the five-day deadline of LA. R.S. 13:850, so the effective date of their suit's commencement was postponed until after February 18.

Plaintiffs, by contrast, argue that they paid all the fees requested by the clerk when they arrived at court on February 22, and became aware they owed additional money only when the court notified them on May 12 of the clerk's error. Plaintiffs aver that they could not have paid the clerk additional fees earlier, even if they were so inclined, because all money paid to the court is non-refundable, and the court is not authorized to hold money on account. Therefore, plaintiffs contend they paid the "applicable filing fee" as required by statute at

the relevant time, i.e., the amount requested by the clerk on February 22.

Based on the record, plaintiffs timely paid the "applicable filing fee" as defined in *Hall v. Reber*, 870 So. 2d 424 (La. App. 3d Cir.), *writ denied*, 876 So.2d 809 (La. 2004). There, the plaintiff paid $175.00 within five days of fax-filing to cover the filing fee and transmission fee. The clerk's office later sent a notice that an additional $125.00 was required to complete processing of the suit, and plaintiff did not pay the additional amount until after the suit had prescribed. The breakdown of fees was as follows:

> Base Deposit of Suit (one service included): $ 200.00
> Additional Service (at $50.00 each): $100.00 . . . .
> Total amount required for filing of suit: $300.00
> Total amount already paid by your office: $175.00
> TOTAL AMOUNT STILL OWED BY YOUR OFFICE: $125.00

*Id.* at 427. The court reasoned that because the total filing fee was $150.00 (the $200.00 base deposit minus $50.00 for one service), the plaintiff had tendered enough money to cover both the filing and transmission fees ($175.00 > $150.00 + $5.00) as required by LA. R.S. 13:850. Therefore, the suit commenced as of the filing date despite plaintiff's failure immediately to provide funds to effect service. *See id.* at 427-28.

When plaintiffs received notice on May 12 that they owed additional fees, the breakdown read as follows:

> Extra Plaintiffs (12 ✕ $84.00): $1,008.00

Extra Defendants (13 ✕ $90.00): $1,170.00
Petition Fee: $3,006.50
Total Fee Due: $5,184.50
Payment Received: $3,039.00
Balance Due: $2,145.50

Plaintiffs' initial payment on February 22 was sufficient to cover the petition fee and transmission fee ($3,039.00 > $3,006.50 + $5.00); therefore, *Hall* is precisely on point. Plaintiffs' failure to pay fees to cover the costs of additional parties does not affect the commencement date of the suit under Louisiana law. In fact, though *Hall* provides no explanation of the plaintiff's failure to pay in full, plaintiffs here provide the valid excuse that they timely paid all money requested on February 22.[3]

The cases cited by defendants deal with situations in which the plaintiff failed to provide sufficient funds to cover the statutorily required filing and transmission fees,[4] so those decisions are inapplicable to the facts of this case. CAFA does not apply and cannot serve as a basis for federal jurisdiction.[5]

## II.
## A.

The underlying claim is that defendants overcharged plaintiffs in connection with collection and foreclosure proceedings initiated by defendants. Plaintiffs filed two class action lawsuits, *Patterson* and *Bauer*, which were later consolidated. The *Patterson* class consists of "only those persons whose bankruptcy filing would or might support removal to federal court and or federal jurisdiction for their claim." The *Bauer* class represents all other Louisiana residents.

Defendants maintain that, even if CAFA does not provide the district court with jurisdiction, it would still have power to hear this case under the general bankruptcy removal statute. *See* 28 U.S.C. § 1452. The court found that it lacked bankruptcy jurisdiction over *Bauer*, because the class had no members in bankruptcy and therefore had only state law claims.[6] Although bankruptcy jurisdiction over

---

[3] That the $3,006.50 "petition fee" represents the "applicable filing fee" in this case becomes more evident when one examines plaintiffs' receipt of February 22, which lists a charge of $2,996.50 for "class action lawsuits" and a $10.00 "indig[ent] leg[al] fee." The receipt also includes $32.50 for "miscellaneous" charges, which would suffice to cover the cost of transmission.

[4] *See, e.g., Brown v. Am. Nat'l Prop. & Cas. Co.*, 720 So. 2d 1278, 1289 (La. App. 4th Cir. 1998); *Antoine v. McDonald's Restaurant*, 734 So. 2d 1257, 1260 (La. App. 3d Cir. 1999); *Tenney v. Burlington N. & Santa Fe Ry.*, 863 So. 2d 526, 529 (La. 2004).

[5] Defendants also argue that their May 6 amended complaints recommenced their actions, making CAFA jurisdiction appropriate. Because they offer no evidence that they presented this specific claim to the district court, we consider it waived on appeal. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 n.1 (5th Cir. 1994) (en banc).

[6] The *Bauer* class originally included two named plaintiffs, Keenan and Karen Duckworth, who sought bankruptcy protection. Plaintiffs moved to dismiss their claims, without prejudice, from the *Bauer* class, but lender defendant Deutsche Bank Trust Company opposed the motion based on a previous motion to compel arbitration with respect to the Duckworths. The court granted Deutsche Bank's motion and remanded
(continued...)

*Patterson* was conceded, the court equitably remanded the action, applying *Browning v. Navarro*, 743 F.2d 1069, 1077 n.21 (5th Cir. 1984). A court may remand a cause of action in bankruptcy on any equitable ground, and "[a]n order entered under [the relevant section] remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title." 28 U.S.C. § 1452(b).

### B.

Despite the fact that the plain language of this section divests us of appellate jurisdiction over the equitable remand order, we must decide whether CAFA provides an independent basis for review. It does not.

CAFA explicitly limits the power of removal of class actions to "case[s] under this section," i.e., § 1453. 28 U.S.C. § 1453(c)(1). "The application of § 1453(c)(1) is therefore limited to the context of CAFA." *Wallace*, 2006 WL 848585, at *2. Though CAFA also provides that we "may accept an appeal from an order of

---

[6](...continued)

*Bauer*, concluding that no federal questions remained following the dismissal of the Duckworths from the suit. Defendants argue that the Duckworths' claims were merely stayed, not dismissed, pending arbitration, and that a post-removal event cannot defeat jurisdiction.

"Jurisdictional remands premised on post-removal events are not reviewable." *Linton v. Airbus Indus.*, 30 F.3d 592, 599 (5th Cir. 1994); *see also Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1028-29 (5th Cir. 1991); *In re Merrimack Mut. Fire Ins. Co.*, 587 F.2d 642, 647-49 (5th Cir. 1978). As we have explained, because CAFA does not apply to *Bauer*, it cannot provide the basis for review of the order of remand.

a district court granting or denying a motion to remand a class action," this precatory language cannot serve as a mandate for us to reach otherwise non-reviewable remand decisions once we determine that CAFA is inapplicable.

Ordinarily, "once a matter related to a bankruptcy case is equitably remanded, it is not subject to federal appellate review on any basis." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001). CAFA provides only for review of a remand order premised on the prerequisites of § 1453 or on claims with an adequate nexus to CAFA. *See Wallace*, 2006 WL 848585, at *2. There is no such nexus here.

We do not need to consider the *Browning* equitable factors to determine whether jurisdiction under CAFA obtains; we need only consider the commencement date of plaintiffs' claims. Furthermore, nothing in the text of CAFA suggests that Congress intended to supplant its policy of prohibiting appellate review of equitable remand orders in bankruptcy for class actions that do not satisfy CAFA's requirements.

Because these actions commenced on February 17, 2005 (one day before CAFA took effect), CAFA cannot provide the basis for our review of the equitable remand. To hold otherwise would be to treat plaintiffs differently from every other bankrupt class subject to equitable remand before the enactment of CAFA.

Defendants urge that we apply the rule of *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996), which stated, in the context of the interlocutory appeal statute, 28 U.S.C. § 1292(b), that "appellate jurisdiction applies to the *order* certified to the court of

9

appeals, and is not tied to the particular question formulated by the district court." The *Yamaha* Court also stated, however, that "[t]he court of appeals may not reach beyond the certified order to address other orders made in the case." *Id.*

The judgment entered by the district court states in full as follows:

> IT IS ORDERED THAT plaintiffs' Motion to Remand is hereby GRANTED pursuant to 28 U.S.C. § 1452(b), and Civil Action No. 05-2177, consolidated with Civil Action Nos. 05-2189 and 05-2191, are all hereby equitably REMANDED to the Civil District Court for the Parish of Orleans. IT IS FURTHER ORDERED THAT Civil Action No. 05-2178 is likewise equitably REMANDED.

Because jurisdiction under CAFA is improper, this is not a "case under . . . section" § 1453 for purposes of further appellate review. All that remains is an order equitably remanding these actions under § 1452(b), which we cannot reach without contravening a plain statutory command.

In *Brill*, 427 F.3d at 451-52, the court reviewed a remand order under the Telephone Consumer Protection Act because the district court had also rejected removal under CAFA. The *Brill* court, however, did not confront statutory text proscribing appellate jurisdiction over remand orders other than the general language of 28 U.S.C. § 1447(d), which CAFA explicitly amended. Neither *Yamaha* nor *Brill* dealt with competing statutory provisions, one purporting to grant jurisdiction over a remand order and one purporting to take it away, without any indication how they ought to be reconciled.[7] Thus, the best way to harmonize these commands is to heed the text of § 1452(b), depriving us of jurisdiction over the equitable remand order, at least where CAFA does not provide an independent basis for jurisdiction.[8]

In summary, the remand order with respect to CAFA is AFFIRMED, and the appeals of the remand order in *Bauer* and the equitable remand order in *Patterson* are DISMISSED for want of jurisdiction. The mandate shall issue forthwith.

---

[7] The court in *Brill* did reason that it was "free to consider any potential error in the district court's decision, not just a mistake in application of the Class Action Fairness Act." *Brill*, 427 F.3d at 451. To the extent that the reasoning in *Brill* is in tension with today's opinion, we decline to adopt it, because it conflicts with the reasoning of *Williams*, which limits our jurisdiction over remand orders to the context of CAFA. *See Williams*, 2006 WL 848585, at *2.

[8] We also note that § 1453(c)(1) uses permissive language to define the scope of our authority on appeal: "[A] court of appeals *may* accept an appeal from an order of a district court granting or denying a motion to remand a class action." It is appropriate to decline to exercise this discretion where, as here, granting the appeal would contravene specific statutory text.

10