IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2015

Lyle W. Cayce
Clerk

_____

No. 15-90014

_____

RONDA CRUTCHFIELD, wife of/and; WADE CRUTCHFIELD; AUDREY
HAINES, wife of/and; JOSEPH A. HAINES; MATELLA MOSBY; VELMA B.
RENARD; KATIE ANTHONY, wife of/and; RICKY ANTHONY, SR.,

      Plaintiffs - Petitioners

BENJAMIN DIGGINS, SR.; SANDY WHEELER; ADRIANN WHITAKER;
HAROLD WHITAKER; MATTIE WOMBLE,

      Petitioners

v.

SEWERAGE AND WATER BOARD OF NEW ORLEANS; HILL BROTHERS
CONSTRUCTION COMPANY, INCORPORATED; TRAVELERS
PROPERTY CASUALTY COMPANY OF AMERICA; GRIFFIN
DEWATERING SOUTHWEST, L.L.C.; BLUE IRON FOUNDATION AND
SHORING, L.L.C.; BHATE GEOSCIENCES CORPORATION; LIBERTY
MUTUAL FIRE INSURANCE COMPANY,

      Defendants – Respondents

_____

Motion for Leave to Appeal
Pursuant to 28 USC § 1453
USDC No. 2:13-CV-4801

_____

No. 15-90014

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Petitioners request leave to appeal the district court's denial of a motion to remand this matter to state court. "The denial of a motion to remand is an interlocutory order not usually subject to immediate appeal." *Alvarez v. Midland Credit Mgmt., Inc.*, 585 F.3d 890, 893 (5th Cir. 2009). However, Petitioners rely on 28 U.S.C. § 1453(c), a provision of the Class Action Fairness Act of 2005 ("CAFA"), as the basis of our jurisdiction.[1] Yet it appears that we do not have jurisdiction under that provision, as this case was not removed on the basis of CAFA, nor was the district court's denial of the motion to remand premised on CAFA. *See Patterson v. Dean Morris, L.L.P.*, 448 F.3d 736, 742 (5th Cir. 2006) ("CAFA provides only for review of a remand order premised on the prerequisites of § 1453 or on claims with an adequate nexus to CAFA."); *Wallace v. La. Citizens Prop. Ins. Corp.*, 444 F.3d 697, 700 (5th Cir. 2006) ("The application of § 1453(c)(1) is . . . limited to the context of CAFA. Farm Bureau based their notice of removal solely on § 1441(e)(1)(B), a provision of the MMTJA. . . . There is thus no nexus with CAFA that would justify the exercise of appellate jurisdiction under § 1453(c)(1)."). Even assuming this court has the discretion to exercise jurisdiction under Section 1453(c), we would choose not to do so, as no CAFA-related issues are raised in the petition for permission

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] That provision states: "Section 1447 shall apply to any removal of a case under this section, except that notwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order." 28 U.S.C. § 1453(c)(1).

to appeal. *See Alvarez*, 585 F.3d at 894 (vacating initial grant of permission to appeal under Section 1453(c), as the appeal no longer involved "unique issues under CAFA"); *id.* ("[Section 1453(c)] was intended to facilitate the development of a body of appellate law interpreting [CAFA] without unduly delaying the litigation of class actions." (internal quotation marks omitted)); *see also Perritt v. Westlake Vinyls Co., L.P.*, 562 F. App'x 228, 230 (5th Cir. 2014) (unpublished) (per curiam) (""[Section] 1453(c) tethers our discretionary review to CAFA determinations."). Accordingly, the petition for permission to appeal is DENIED.