# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2021

Lyle W. Cayce
Clerk

No. 21-10010

Covington Specialty Insurance Company,

*Plaintiff—Appellant*,

*versus*

USAI LP; Lara Briggs-Tafel, JD,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-3271

Before Stewart, Ho, and Engelhardt, *Circuit Judges*.

Per Curiam:*

This case arises from the tragic death of Calvin Marcus McCullers, Jr. Because McCullers perished while working as a security guard at a property allegedly owned by Defendants-Appellees USAI and Lara Briggs-Tafel (the "USAI Defendants"), McCullers' survivors sued them in state court (the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10010

"McCullers Suit").[1] But we do not have that suit before us. Instead, we must decide whether USAI Defendants or Plaintiff-Appellant Covington Specialty Insurance Company ("Covington"), with whom USAI Defendants have a policy, must defend the McCullers Suit. For the reasons stated by the district court below in denying summary judgment to Covington and granting summary judgment to USAI Defendants,[2] we hold that Covington is bound by the terms of its policy with USAI Defendants to defend the McCullers Suit. Accordingly, we AFFIRM.

## A. Standard of Review

We review a grant of summary judgment de novo, apply the same standard as the district court, and view the evidence in the light most favorable to the nonmovant. *First Am. Title Ins. v. Cont'l Cas. Co.*, 709 F.3d 1170, 1173 (5th Cir. 2013). The interpretation of an insurance contract is also reviewed de novo. *Nat'l Cas. Co. v. W. World Ins.*, 669 F.3d 608, 612 (5th Cir. 2012). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

---

[1] The underlying case is *Tiffany Renee McCullers, individually and on behalf of the Estate and Heirs-at-Law of Calvin Marcus McCullers, Jr., deceased v. USAI, LP f/k/a Porky Realty Investments, LP, et al.*, case no. DC-18-08709, filed in the District Court of Dallas County, Texas on July 5, 2018.

[2] The district court's May 4, 2020 opinion and order denied Covington's motion for summary judgment. *Covington Specialty Ins. v. USAI LP*, No. 18-CV-3271-N, 2020 WL 2132598, at *1 (N.D. Tex. May 4, 2020) [hereinafter *Covington I*]. Its December 9, 2020 opinion and order granted summary judgment for USAI Defendants sua sponte. *Covington Specialty Ins. v. USAI LP*, No. 18-CV-3271-N, 2020 WL 7245073, at *1 (N.D. Tex. Dec. 9, 2020) [hereinafter *Covington II*].

No. 21-10010

## B. Applicable Law

Because this is a diversity case, Texas substantive law applies. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *see ACE Am. Ins. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). The parties agree.

Under Texas law, the insured bears the burden of establishing coverage under the policy. *JAW The Pointe, L.L.C. v. Lexington Ins.*, 460 S.W.3d 597, 603 (Tex. 2015). If the insured carries its burden, the insurer must "plead and prove" that the insured's loss falls within an exclusion to coverage. *Id.* If the insurer succeeds, the pendulum swings and the insured must show that there is an applicable exception to the exclusion that renews coverage. *Id.*

Texas courts resolve duty-to-defend disputes like this one using the "eight corners" rule, looking only to the terms of the policy and the pleadings in the underlying suit to determine if the suit implicates the policy and, if so, an exclusion to that policy. *Zurich Am. Ins. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008). The truth of the allegations is irrelevant. *Gore Design Completions, Ltd. v. Hartford Fire Ins.*, 538 F.3d 365, 368 (5th Cir. 2008). Allegations must be liberally construed, and all doubts are resolved in favor of the insured. *Nat'l Union Fire Ins. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997) (per curiam).

## C. Relevant Facts

We first look to the allegations in the operative pleading, the Third Amended Petition in the McCullers Suit. McCullers was working as a private security guard, "sitting post" inside his vehicle. A thunderstorm passed through, causing a nearby stream to rise and flood. After his vehicle became "inundated," McCullers called for help but could not safely move to higher ground. "Immediately thereafter," his vehicle was "engulfed" in

floodwater. "As [McCullers] escaped the vehicle, floodwaters swept it and [him] over [an] embankment and into Turtle Creek." Rescue workers found the vehicle that day but did not find McCullers' body until almost two months later.

At the time, USAI Defendants were covered by an insurance policy (the "Policy") issued by Covington. The Policy covers bodily injury and property damage, but not when such injuries "aris[e] out of or result[] from . . . use [of an] 'auto'. . . ." The parties do not dispute that the Policy's definition of "auto" includes the vehicle discussed in the McCullers Suit.

### D. Analysis

Covington does not dispute that the Policy is implicated by the underlying suit. Thus, it bears the burden of establishing that the auto exclusion applies. *JAW The Pointe*, 460 S.W.3d at 603. Covington argues that the district court erred in holding that it failed to show that the injuries to McCullers resulted from the "use" of his vehicle, which would bring the injuries within the auto exclusion. We agree with the district court's reasoning, hold that Covington failed to show that the injuries resulted from use of the vehicle, and therefore affirm the district court's grant of summary judgment to USAI Defendants on the duty-to-defend issue.

As the district court found, under Texas law an injury arises out of the use of a vehicle for insurance purposes when it 1) arises "out of the inherent nature of the automobile,"2) arises "within the natural territorial limits of an automobile" before the actual use has terminated, and 3) the automobile does not "merely contribute to cause the condition which

produces the injury, but . . . itself produce[s] the injury." *Covington I* at *3 (quoting *Mid-Century Ins. v. Lindsey*, 997 S.W.2d 153, 156 (Tex. 1999)).[3]

Applying that law to these allegations, the district court correctly concluded that Covington failed as a matter of law to establish either that the incident occurred within the territorial limits of the vehicle or that the vehicle was a producing cause of McCullers' death. *Id.* at *3–4. On the territorial limit prong, it is not clear from the allegations whether McCullers died in the vehicle before being swept away or was swept away and then died. *Id.* at *3. Thus, the district court was correct to find that Covington failed to meet its burden on the territorial limit factor. The court was likewise correct to hold that because the allegations state that the floodwaters caused McCullers' death, not the vehicle, Covington had failed to establish that the vehicle was the producing cause of the injury. *Id.* at *4.

Covington's arguments to the contrary were properly rejected below and are rejected here as well. Covington argues that the relevant "accident" was McCullers' "sitting post" in the vehicle, which "render[ed] [McCullers] unable to seek refuge." But the underlying allegations do not state that McCullers was restricted from exiting the vehicle. Instead, they state that McCullers was swept away while escaping it, and that McCullers' body was found miles away from the vehicle nearly two months after the vehicle was found. Further, the court below properly found that *Lindsey* and its progeny, when ascertaining the relevant event to analyze, "looked to the event that caused the injury." *Covington II* at *3. Here, the event that caused the injury was the flood, not sitting in a vehicle. This argument fails.

---

[3] To the extent Covington argues that *Lindsey* does not apply, that argument was not presented to the district court and is waived. *See Patterson v. Dean Morris, L.L.P.*, 448 F.3d 736, 741 n.5 (5th Cir. 2006).

No. 21-10010

Covington also argues that the district court erred in not applying a "but for" causation analysis, asserting that this was the proper standard and that McCullers "sitting post" in the vehicle was a but-for cause of his death. If McCullers had been sitting post in a different location, Covington opines, he would have been protected from the elements or, at least, would have noticed the rising floodwaters. This argument is tenuous at best. The allegations provide no basis to conclude that the *vehicle* prevented McCullers from noticing the flooding (which occurred in the dead of night), or that the vehicle had any causal significance whatsoever. The district court both correctly applied the producing cause standard and correctly reasoned that, even under but-for causation, Covington failed to carry its burden to show that the vehicle played *any* causative role in McCullers' death. *Id.* at *3–4.

## E. Conclusion

The court below correctly found that Covington failed to carry its burden to show that the auto exclusion applies to the facts as alleged in the underlying suit. Thus, Covington must defend the McCullers Suit and summary judgment for USAI Defendants was proper. For the reasons stated above, we AFFIRM.[4]

---

[4] Because Covington has a duty to defend, we also affirm the district court's determination that the question of a duty to indemnify is not ripe until the underlying suit is resolved. *Covington I* at *4.