**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

————

No. 06-8014

————

| | |
|---|---|
| David Saab, on behalf of himself and all others similarly situated,<br><br>       Petitioner,<br><br>v.<br><br>Home Depot U.S.A., Inc., a Delaware corporation,<br><br>       Respondent. | * <br> * <br> * <br> *   Petition for Permission to<br> *   Appeal  from the United States<br> *   District Court for the<br> *   Western District of Missouri.<br> * <br> * <br> * <br> * |

————

Submitted: September 26, 2006
Filed:  November 22, 2006

————

Before WOLLMAN, BRIGHT, and MELLOY, Circuit Judges.

————

BRIGHT, Circuit Judge.

David Saab filed a suit against Home Depot in Missouri state court on behalf of himself and others.  Home Depot removed the putative class action to federal district court[1], showing that the parties are diverse and the amount in controversy exceeded $75,000.  See 28 U.S.C. §§ 1332(a) (traditional diversity jurisdiction), 1441 (describing removal).  The district court then denied Saab's motion to remand his case

———————

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

to the Circuit Court of Jackson County, Missouri. Saab now petitions this court to accept an appeal, pursuant to 28 U.S.C. § 1453(c)(1), to review the district court's decision. We determine, however, that § 1453(c)(1) does not permit us to accept an appeal from the denial of a motion to remand when a class action has been removed to federal court on the basis of traditional diversity jurisdiction, § 1332(a). Because we lack appellate jurisdiction, we dismiss Saab's petition.

Our authority to review the denial of a motion to remand is strictly limited. See 28 U.S.C. § 1447(d); Caterpillar, Inc., v. Lewis, 519 U.S. 61, 74 (1996) (order denying motion to remand generally not final order subject to review). Saab, however, attempts to avail himself of the review provisions contained in the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005). CAFA vests original jurisdiction in the federal district courts if a class action meets several criteria.[2] See 28 U.S.C. § 1332(d). In order to "develop a body of appellate law interpreting the legislation without unduly delaying the litigation of class actions," S. Rep. No. 109-14, at 49 (2005), the Act permits our court to "accept an appeal from an order of a district court granting or denying a motion to remand a class action." See 28 U.S.C. § 1453(c)(1).

Saab urges us to interpret § 1453(c)(1) expansively and to give federal courts of appeal the jurisdiction to review the grant or denial of a motion to remand *any* class action.

This argument does not differentiate between class actions removed pursuant to § 1332(a) (traditional diversity jurisdiction) or § 1332(d) (CAFA diversity jurisdiction). We reject this contention.

---

[2]Home Depot made no assertion of jurisdiction under CAFA provisions under § 1332(d) where the sum in controversy must exceed $5,000,000 excessive of interest and costs.

CAFA added section § 1453(c), "Review of remand orders," which applies "to any removal of a case under this section." See 28 U.S.C. § 1453(c)(1). Saab suggests that "this section" must refer to § 1453, which, according to petitioner, does not limit its scope to class actions removed under § 1332(d). Section 1453(a), however, defines "class", "class action", "class certification order", and "class member" by reference to § 1332(d)(1), the diversity jurisdiction provision added by CAFA. See § 1453(a).

Thus, we do not interpret "class action" as it is employed in § 1453(c) to encompass *all* class actions. Rather, we must limit § 1453(c)'s review provisions to those class actions brought under CAFA. Our reading is consistent with the legislative history of CAFA, which includes the observation that, "[n]ew subsection 1453(c) provides discretionary appellate review of remand orders *under this legislation* but also imposes time limits." S. Rep. No. 109-14, at 49 (emphasis added).

We therefore hold, joining our sister the Fifth Circuit, see Patterson v. Morris, 448 F.3d 736, 742 (5th Cir. 2006); Wallace v. Louisiana Citizens Prop. Ins. Corp., 444 F.3d 697, 700 (5th Cir. 2006), that the review provisions of 28 U.S.C. § 1453(c) are limited to class actions brought under CAFA, 28 U.S.C. § 1332(d). Accordingly, we dismiss the petition for permission to appeal.

_____