Melinda FRIEND, et al.,
Plaintiff–Appellee,

v.

HERTZ CORPORATION,
Defendant–Appellant.

No. 08–16963.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 21, 2008.

Filed Oct. 30, 2008.

Joshua G. Konecky, Esquire, Clint J. Brayton, Schneider & Wallace, San Francisco, CA, for Plaintiff–Appellee.

Chris Baker, Robert A. Dolinko, Esquire, Thelen LLP, San Francisco, CA, Frank B. Shuster, Esquire, Atlanta, GA, for Defendant–Appellant.

Before: FERNANDEZ, CALLAHAN, and IKUTA, Circuit Judges.

### MEMORANDUM *

Hertz's Notice of Appeal makes clear that Hertz removed this class action under the Class Action Fairness Act (CAFA). 28 U.S.C. § 1453(c). Therefore, even assuming we lack authority "to accept an appeal from the denial of a motion to remand when a class action has been removed to federal court on the basis of traditional diversity jurisdiction," *Saab v. Home Depot U.S.A., Inc.,* 469 F.3d 758, 759 (8th Cir.2006), rather than pursuant to CAFA, we have jurisdiction over Hertz's timely appeal from the district court's order remanding this class action to state court. 28 U.S.C. § 1453(c)(1).

The district court correctly applied the "place of operations" test to determine Hertz's principal place of business. *Tosco Corp. v. Communities for a Better Env't.,* 236 F.3d 495 (9th Cir.2001); *Industrial Tectonics v. Aero Alloy,* 912 F.2d 1090 (9th Cir.1990). Taking the facts as set forth in the Declaration of Krista Memmelaar, Hertz's relevant business activities are "significantly larger" in California than in the next largest state, Florida. Although the difference between the amount of Hertz's business activity in California and the amount of its activity in Florida is not as large as the difference deemed to be significant in *Tosco,* California nevertheless "contains a substantial predominance" of Hertz's operations. *Tosco Corp.,* 236 F.3d at 500.

Neither *Tosco* nor *Industrial Tectonics* supports Hertz's argument that we must consider the comparative population of states in which a corporation operates to determine whether activities are significantly larger in one state than another. *Id.*; *Industrial Tectonics,* 912 F.2d at 1092. Nor do policy concerns mandate the application of a per capita calculation. With its extensive California contacts and business activities, Hertz is not in jeopardy of being mistreated in California courts.

Because California is Hertz's principal place of business under the "place of operations" test, we do not apply the nerve center test. *Tosco,* 236 F.3d at 500.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.