**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2009

Charles R. Fulbruge III
Clerk

No. 09-10851
Summary Calendar

LETICIA ALVAREZ; DAVID ANGUIANO; ROBERT BARDWELL; WILLIAM
BOULDIN; BRUCE CONWAY; ET AL,

                                        Plaintiffs - Appellants

v.

MIDLAND CREDIT MANAGEMENT, INC.; JAY A. TAYLOR, P.C.; HENRY
MCDONALD AND JAMES, P.C.; HOSTO AND BUCHAN, P.L.L.C.; MANN
BRACKEN, L.L.C., Successor by Merger to Wolpoff and Abramson L.L.P.;
RLI INSURANCE COMPANY; WESTERN SURETY COMPANY; MELVIN
THATHIAH; TRAVELERS CASUALTY & SURETY COMPANY OF
AMERICA; JAY A. TAYLOR; UNIVERSAL SURETY OF AMERICA,

                                        Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before KING, STEWART, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

This case involves an interlocutory appeal[1] of a denial of a motion to
remand in a case removed pursuant to the Class Action Fairness Act of 2005
("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28

---

[1] We granted permission to appeal on September 1, 2009, pursuant to 28 U.S.C. §
1453(c), under Case No. 09-34.

U.S.C.), citing 28 U.S.C. § 1453(b). For the reasons set forth herein, we VACATE our September 1 order granting permission to appeal and remand to the district court.[2]

## I. Background

Few details of the procedural background of this case matter to our decision here. We will describe only the pertinent background. A lawsuit was filed in a Texas state district court. The Third Amended Petition named 154 plaintiffs and sought a "maximum of $100,000 each." The case was styled as a suit for damages and alleged that at least some of the plaintiffs were the victims of fraudulently obtained judgments by defendant Midland Credit with the aid of various lawyers and law firms, also named as defendants. Midland Credit and its attorneys were accused of improper and fraudulent collection efforts against the parties who are now the Plaintiffs-Appellants before us. One fraud alleged was the obtaining of judgments based upon debts not actually owned by Midland Credit.

Midland Credit removed the case to federal district court under 28 U.S.C. § 1332(d). Plaintiffs-Appellants moved to remand, urging several grounds. The district court denied the motion to remand in July of 2009.

---

[2] After we granted permission to appeal and the appeal was docketed in this court, a number of the original 154 plaintiffs settled with the defendants and filed stipulations of dismissal. The effect of these dismissals was to bring the number of plaintiffs down to a number under the CAFA threshold of 100 plaintiffs. Citing this fact, the district court entered an order of remand on September 30 and denied reconsideration of that order on October 8. We requested briefing on the question of whether this appeal is moot and whether the district court lacked jurisdiction to enter the order of remand because of the pendency of this appeal. We conclude that the district court lacked jurisdiction to enter the September 30 order and, therefore, it is void and does not moot the appeal. *See, e.g., Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.") (internal citation and quotation marks omitted); *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990). Because the order is void and because we are dismissing this appeal, we also vacate our prior order, entered October 13, staying the September 30 order of remand. We express no opinion on the merits of the district court's reasoning in that order.

Plaintiffs-Appellants then sought permission from this court under 28 U.S.C. § 1453(c) to file an interlocutory appeal of the denial of their remand motion. The § 1453 petition, filed August 3, 2009, articulated two grounds for appeal that are unique to CAFA: (1) what constitutes "significant relief" under CAFA's local controversy exception, and (2) what"event or occurrence" means under § 1332(d)(11)(B)(ii)(I). The petition also articulated two grounds that are not unique to CAFA: (1) whether the causes of action asserted are subject to the *Rooker-Feldman*[3] limitations on federal jurisdiction, and (2) whether Midland Credit waived its right of removal, if any, by failing to file the notice of removal sooner. On the basis of this petition, we granted permission to appeal on September 1.

## II. Discussion

Under CAFA, an interlocutory appeal is subject to an accelerated timetable which is triggered by the granting of permission to appeal. *Patterson v. Dean Morris, L.L.P.*, 444 F.3d 365, 367–68 (5th Cir. 2006). In this case, Plaintiffs-Appellants were required to file their brief within two weeks (by September 15), which they did. But this brief contained only one of the four issues listed above — whether the *Rooker-Feldman* doctrine precludes the exercise of federal jurisdiction in this case. Thus, fewer than forty-five days after Plaintiffs-Appellants set forth four grounds for the appeal, they actually sought review on only one ground.[4]

The denial of a motion to remand is an interlocutory order not usually subject to immediate appeal. *See Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160 (5th Cir. 1989) ("A district court's denial of a motion to remand is not

---

[3] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[4] We imply no improper motives by this statement. Plaintiffs-Appellants contend that changed circumstances have led to the changed approach.

a final order, and it therefore is not reviewable on appeal."). Congress altered this general rule for actions removed under CAFA, giving appellate courts the discretion to "accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not less than 7 days after entry of the order." 28 U.S.C. § 1453(c). This altered rule was intended to facilitate the development of "'a body of appellate law interpreting [CAFA] without unduly delaying the litigation of class actions.'" *Saab v. Home Depot U.S.C., Inc.*, 469 F.3d 758, 759 (9th Cir. 2006) (quoting S. Rep. No. 109–14, at 49 (2005)).

Nothing about the *Rooker-Feldman* doctrine, which applies "in the limited circumstances in which [the Supreme Court's] appellate jurisdiction over state-court judgments precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate," *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005), is unique to CAFA. Although Plaintiffs-Appellants seek to style their sole pending issue as one of the "interplay between CAFA and *Rooker-Feldman*," whether we had one plaintiff or one thousand who claimed that they had been victimized by unsavory collection practices as the result of an allegedly fraudulently-obtained state-court judgment, the *Rooker-Feldman* question would be the same.

Our grant of permission to appeal is discretionary. *Patterson*, 444 F.3d at 369. We recognize that § 1453(c) does not limit our discretionary appellate jurisdiction to matters unique or peculiar to CAFA. However, in granting us interlocutory discretionary review, Congress placed very short time limits on our determination of such appeals. Therefore, in exercising our discretion to hear such appeals we must weigh the time taken from earlier-filed appeals to tend to the CAFA appeal against the benefit of hearing such an appeal at this juncture. Part of this weighing necessarily involves consideration of the unique nature of

the issues presented in the proposed appeal. *See, e.g., Estate of Pew v. Cardarelli*, 527 F.3d 25, 29 (2d Cir. 2008) ("A sound exercise of discretion will be guided by consideration of the importance and novelty of the issues raised by the case."); *Saab,* 469 F.3d at 759 (8th Cir. 2006) (explaining that Congress provided for CAFA appellate jurisdiction in order to "develop a body of appellate law interpreting the legislation without unduly delaying litigation of class actions") (internal citation and quotation marks omitted); *cf. Coffey v. Freeport McMoran Copper & Gold*, No. 09-6106, 2009 U.S. App. LEXIS 19996, at *19 (10th Cir. Sept. 4, 2009) (concluding that it had jurisdiction under CAFA to address CERCLA issues but declining to do so because "it does not fit with the reasons behind § 1453(c)(1) to do so").

Applying that analysis to this case, we conclude that, had the *Rooker-Feldman* issue been the sole issue presented at the time of the petition for permission, we would not have granted permission to appeal. As a result of the elimination of the unique issues under CAFA and the desire not to resolve complex issues of federal versus state jurisdiction on a limited record with abbreviated briefing and decisional deadlines, we conclude that our original permission was improvidently granted. Accordingly, we VACATE our September 1, 2009 order granting permission to appeal, deny permission to appeal on an interlocutory basis the July 27 order denying remand, and remand to the district court for appropriate further proceedings. In so doing, we express no opinion on whether changed circumstances do or should alter the court's original July 27 order.

PERMISSION TO APPEAL VACATED; OCTOBER 13 STAY ORDER VACATED; APPEAL DISMISSED.