**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOROTHY PERALTA, STEVEN S. BEGVERDI, and JAMES MOSCOSO, on behalf of themselves and others similarly situated,<br><br>             Plaintiffs-Appellants,<br><br>  v.<br><br>COUNTRYWIDE HOME LOANS, INC., FKA America's Wholesale Lender; COUNTRYWIDE BANK, FSB,<br><br>             Defendants - Appellees. | No. 10-15413<br><br>D.C. No. 4:09-cv-03288-PJH<br><br>MEMORANDUM <sup>*</sup> |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted April 8, 2010
Pasadena, California

Before: PREGERSON and THOMPSON, Circuit Judges, and CONLON,[**]
District Judge.

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.


        **       The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

Plaintiffs-appellants Dorothy Peralta, Steven S. Begverdi, and James

Moscoso appeal under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §

1453(c)(1), from the denial of their motion to remand to California state court a

putative class action case against Countrywide Home Loans, Inc., fka America's

Wholesale Lender, and Countrywide Bank, FSB ("Countrywide Bank")

(collectively "Countrywide").  We vacate the order granting plaintiffs-appellants'

application to appeal, and dismiss the appeal as improvidently granted.

Countrywide removed the putative class action case from California state

court under CAFA, 28 U.S.C. § 1332(d), which vests district courts with

jurisdiction over class actions if the amount in controversy exceeds $5,000,000.00,

and any member of the class is a citizen of a state different from any defendant.

The district court denied the remand motion on the ground that minimal diversity

was established because plaintiffs-appellants are California citizens, and

Countrywide Bank is a Colorado citizen, the state of its main office.  28 U.S.C. §

1348 (national banks are citizens of the states in which they are "located").  The

only issue plaintiffs-appellants raise in this appeal is whether Countywide Bank is

also a citizen of California, allegedly the state of its principal place of business.  28

U.S.C. § 1332(c)(1) (corporations are citizens of their state of incorporation and

principal place of business).

2

Section 1453(c)(1) provides discretionary appellate review of orders granting or denying motions to remand a class action to the state court from which it was removed. The provision is intended to create a body of appellate law to guide interpretation of CAFA without undue delay of class action litigation. *See* S. Rep. No. 109-14, at 49 (Feb. 28, 2005); *College of Dental Surgeons of Puerto Rico v. Connecticut Gen. Life Ins. Co.*, 585 F.3d 33, 38 (1st Cir. 2009); *Alvarez v. Midland Credit Mgmt., Inc.*, 585 F.3d 890, 894 (5th Cir. 2009). Absent an extension of time, the court must render judgment within 60 days of granting an application to appeal. 28 U.S.C. § 1453(c)(2) and (3); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 996 (9th Cir. 2007). Under this framework, the presence of an important, but non-CAFA issue, does not warrant interlocutory appellate review of a remand order. *See, e.g., Alvarez*, 585 F.3d at 894 (dismissing appeal under § 1453(c)(1) as improvidently granted because the only issue briefed – application of the *Rooker-Feldman* doctrine – was not a unique CAFA issue); *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1247-48 (10th Cir. 2009) (*per curiam*) (addressing CAFA issues in § 1453(c)(1) appeal, but declining to address assertion of federal jurisdiction under CERCLA ).

Resolution of Countrywide Bank's citizenship does not implicate an interpretation of CAFA. The issue involves interpretation of the term "located" in

3

28 U.S.C. § 1348, consideration of § 1348's extensive legislative history, and analysis of the United States Supreme Court's interpretation of § 1348 in *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006). The court declines to resolve the complex jurisdictional issue of a national bank's citizenship on a limited record, with abbreviated briefing, and a decisional deadline.

The parties shall bear their own costs on appeal.

**PERMISSION TO APPEAL VACATED, and APPEAL DISMISSED.**