NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2199
_____

GARY PROBOLA; BETH PROBOLA,
ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED

v.

LONG & FOSTER REAL ESTATE, INC.,
                                        Appellant.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 11-cv-6334)
District Judge:  Hon. Anne E. Thompson
_____

Submitted Under Third Circuit LAR 34.1(a)
May 31, 2012

Before:   AMBRO, JORDAN, and VANASKIE, *Circuit Judges*.

(Filed: June 1, 2012)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Gary and Beth Probola filed suit against Long & Foster Real Estate, Inc. ("L&F") in the Superior Court of New Jersey, Law Division, on behalf of a class of people whom L&F allegedly charged unlawful fees in connection with real estate transactions. L&F removed the Probolas' case to the United States District Court for the District of New Jersey, but the District Court remanded the matter to state court upon the Probolas' motion. We, in turn, granted L&F leave to appeal that ruling. Having now reviewed the record, including information that has come to light since L&F sought leave to appeal, we will vacate that order as improvidently granted and dismiss L&F's appeal.

## I.     Background

The Probolas are New Jersey residents who were assessed a $345 "Document Fee" by L&F when they purchased New Jersey real estate and used L&F, a Virginia company, as a real estate broker. (Joint App. at 8.) The Probolas believe the fee in question "is an entirely duplicative and phony charge" (*id.* at 10) for which L&F performs no services, and they seek to represent a class of "several thousand persons" who were also charged that fee in buying or selling New Jersey real estate, (*id.* at 23). On behalf of that class, they assert state-law claims under the New Jersey Consumer Fraud Act, the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, and also plead a claim for breach of fiduciary duty.

L&F removed the Probolas' complaint to the District Court, claiming that their state-law claims presented a federal question over which the District Court had jurisdiction under 28 U.S.C. § 1331 and that the Court also had diversity jurisdiction

2

under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). The Probolas disagreed and asked the District Court to remand their case to state court. The District Court did that, and, upon remand, the Probolas filed an amended complaint. Shortly thereafter, L&F timely sought leave to appeal that ruling.[1] While its request to appeal was pending before us, L&F filed in state court a motion to dismiss the Probolas' new complaint. The Superior Court of New Jersey granted that motion and dismissed the complaint with prejudice. The Probolas timely appealed that decision to the Appellate Division of the Superior Court, which issued a scheduling order shortly thereafter. Subsequently, albeit without the benefit of knowing the status (or existence) of the state court proceedings, we granted L&F leave to appeal the District Court's remand order.[2]

## II.   Discussion

We permitted this appeal in accordance with 28 U.S.C. § 1453(c)(1), which, notwithstanding the general rule against appellate review of remand orders,[3] allows us to accept appeals of orders remanding class actions to state court. The purpose of that statute is to allow courts to "develop a body of appellate law interpreting [CAFA] without unduly delaying the litigation of class actions." S. Rep. No. 109-14, at 49 (2005).

---

[1] As we discuss *infra*, 28 U.S.C. § 1453(c)(1) permits "a court of appeals [to] accept an appeal from an order of a district court granting or denying a motion to remand a class action … if application is made to the court of appeals not more than 10 days after entry of the order."

[2] The first mention either party made of the state court proceedings was in the statement of the case in the briefing submitted after we had granted leave to file this appeal.

[3] As explained in greater detail *infra* in note 6, there is a "strong congressional policy against review of remand orders." *Sykes v. Tex. Air Corp.*, 834 F.2d 488, 490 (5th Cir. 1987).

Congress placed a time limitation on that discretionary authority, however, requiring an appeal from a remand order to be disposed of within 60 days of the date on which leave to appeal is granted. *See* 28 U.S.C. § 1453(c)(2) (stating that, unless an extension is granted, "all action on such appeal … [must be completed] not later than 60 days after the date on which such appeal was filed"); *Morgan v. Gay*, 471 F.3d 469, 472 (3d Cir. 2006) (interpreting the 60-day period to run from the date leave to appeal is granted). As a result of that limitation, courts have declined to address non-CAFA issues when presented with § 1453(c)(1) appeals. *See Alvarez v. Midland Credit Mgmt., Inc.*, 585 F.3d 890, 894 (5th Cir. 2009) ("As a result of the elimination of the unique issues under CAFA and the desire not to resolve complex issues of federal versus state jurisdiction on a limited record with abbreviated briefing and decisional deadlines, we conclude that our original permission [to appeal under § 1453(c)(1)] was improvidently granted."); *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1247-48 (10th Cir. 2009) ("Although this court has discretion to exercise its appellate jurisdiction to review the CERCLA issue, it does not fit with the reasons behind § 1453(c)(1) to do so, and we conclude that this is an appropriate case in which to decline to exercise that discretion.").

Here, the primary dispute before us is whether the District Court had jurisdiction under CAFA, which affords district courts "original jurisdiction of any civil action in which the matter in controversy exceeds … $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State

4

different from any defendant."[4]  28 U.S.C. § 1332(d)(2)(A).  While the Probolas acknowledge that they themselves are citizens of a state different from L&F, they claim that federal jurisdiction under that statute is unwarranted because L&F has not met its burden of establishing, while seeking removal, that the amount in controversy exceeds $5,000,000.  L&F disagrees, arguing that, because the Probolas' pleading is ambiguous as to the amount in controversy,[5] the District Court should have exercised jurisdiction unless it "appear[ed], to a legal certainty, that the [Probolas were] never entitled to recover the jurisdictional amount."  (Appellant's Opening Br. at 6.)  In sum, then, the dispute in this case turns on the appropriate standard for ascertaining whether or not a case should be remanded when, following removal, the parties dispute whether the relevant amount in controversy is satisfied.

Several of our cases have addressed how to conduct that analysis, *see, e.g.*, *Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007); *see also Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392 (3d Cir. 2004), and we have made clear that district courts should apply the same standard regardless of whether or not the contested amount in controversy flows from CAFA, *see Morgan*, 471 F.3d at 473 ("We see no reason to create an exception for CAFA to the well-settled practice in removal actions.").  In other

---

[4] The parties also dispute whether federal jurisdiction under 28 U.S.C. § 1331 is appropriate, inasmuch as the Probolas' state law claims rely, at least in part, on federal law.

[5] The closest the Probolas' complaint comes to addressing the amount in controversy is an averment, upon information and belief, that "the amounts collected by [L&F] from buyers and sellers in New Jersey during the class period from class members … is less than $5,000,000."  (Joint App. at 12.)

words, "whether we had one plaintiff or one thousand," the jurisdictional question presented in this case "would be the same." *Alvarez*, 585 F.3d at 894; *see id.* (rejecting the contention that the "interplay between CAFA and *Rooker-Feldman*" presented a unique CAFA issue, and therefore declining to consider it (internal quotation marks omitted)). Although we recognize that "§ 1453(c) does not limit our discretionary appellate jurisdiction to matters unique or peculiar to CAFA," *id.*, we no longer think it prudent to exercise that jurisdiction in this case, given that it has already proceeded to judgment in state court. That judgment does not divest us of our ability to hear L&F's appeal, but it does pose practical problems that would have prompted us to reject the request to hear its appeal – which, as a practical matter, asked us to consider the matter on an expedited basis at the expense of our other cases – had we been apprised of the status of the state court proceedings when we were considering it.[6]

---

[6] While Congress has crafted an exception to the general policy against appellate review of remand orders with respect to the type of order the District Court entered in this case, the state court proceedings that occurred while L&F's petition for leave to appeal was pending are precisely the kinds of concerns upon which the "strong congressional policy against review of remand orders" rest. *Sykes*, 834 F.2d at 490. As the United States Court of Appeals for the Fifth Circuit aptly explained it:

> If months or years later a federal Court of Appeals decides that the remand was improper, matters are thrown into confusion and the effort expended by the parties on the state court proceeding (along with a good deal of state judicial resources) is in jeopardy. And if the state case has proceeded to judgment, the subsequent re-removal is for naught as the parties are bound by *res judicata*.

*Id.*

6

**III. Conclusion**

As a result, we will vacate as improvidently granted our order granting L&F leave to appeal, and will dismiss this appeal.