# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2014

Lyle W. Cayce
Clerk

No. 14-30145
Summary Calendar

BLAKE PERRITT; BARRY MITCHELL; RUBIN CRAYTON, JR.; DEZMON ELLZEY; RONNIE SELLERS; MAURICIO BENDECK; HERSEY JAMES; STEVEN BURNS,

Plaintiffs – Appellees

v.

WESTLAKE VINYLS COMPANY, L.P.; WESTLAKE CHEMICAL CORPORATION,

Defendants – Appellants

-------------------------------------------------------------------------------------------------------------

FREDERICK HOLLINS; LAURA HOLLINS; SHANICE HILLS,

Plaintiffs – Appellees

v.

WESTLAKE CHEMICAL CORPORATION; WESTLAKE VINYLS COMPANY, L.P.,

Defendants – Appellants

Appeal from the United States District Court
for the Middle District of Louisiana
USDC Nos. 3:12-CV-253, 3:12-CV-254

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

No. 14-30145

PER CURIAM:*

Defendants appeal the district court's order remanding to state court these class actions filed against them. Because jurisdiction does not lie under the Class Action Fairness Act of 2005 ("CAFA"), we AFFIRM. *See, e.g.*, *Patterson v. Dean Morris, L.L.P.*, 448 F.3d 736 (5th Cir. 2006).

## FACTUAL BACKGROUND

On the morning of March 22, 2012, a Westlake Chemical facility exploded in Geismar, Louisiana. As alleged, the explosion caused the release of various chemicals, including Vinyl Chloride Monomer ("VCM"). A "shelter in place" order also encapsulated a one-mile radius from the facility's location. These consolidated class actions followed, alleging that the Westlake defendants caused the plaintiffs' damages.

Two of the class actions, *Perritt* and *Hollins*, were originally filed in Louisiana State court, only to be removed to federal court by defendants. Several other class actions and single-plaintiff suits were filed in Louisiana courts and were again removed by defendants. Plaintiffs in *Perritt* and *Hollins* moved to remand, arguing that diversity jurisdiction and CAFA jurisdiction were lacking. The district court first denied both motions to remand finding federal jurisdiction, but later vacated its order. In its revised ruling on the motions, the district court granted plaintiffs' motions to remand finding that there was no diversity or CAFA jurisdiction. Westlake filed a petition for permission to appeal the remand orders, which we granted.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30145

## STANDARD OF REVIEW

We review a district court's granting of a motion to remand for lack of subject matter jurisdiction *de novo*. *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013).

## DISCUSSION

### I.

Generally, an order granting a motion to remand "is an interlocutory order not usually subject to immediate appeal." *Alvarez v. Midland Credit Mgmt., Inc.*, 585 F.3d 890, 893 (5th Cir. 2009); 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."). Notwithstanding § 1447(d), which codifies the interlocutory nature of remand orders, CAFA provides appellate courts with discretion to deviate from this rule. 28 U.S.C. § 1453(c)(1).[1] "This altered rule was intended to facilitate the development of 'a body of appellate law interpreting [CAFA] without unduly delaying the litigation of class actions.'" *Alvarez*, 585 F.3d at 893 (quoting *Saab v. Home Depot U.S.A., Inc.*, 469 F.3d 758, 759 (9th Cir. 2006)).

Westlake contends that we have jurisdiction under § 1453(c)(1) to review the district court's determination that diversity jurisdiction was lacking in addition to the district court's finding that CAFA jurisdiction did not apply. Though we have acknowledged that "§ 1453(c) does not limit our discretionary

---

[1] Section 1453(c)(1) provides:

> Section 1447 shall apply to any removal of a case under this section, except that notwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order.

3

appellate jurisdiction to matters unique or peculiar to CAFA," *Alvarez*, 585 F.3d at 894, § 1453(c) tethers our discretionary review to CAFA determinations. *See, e.g.*, *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 864 (5th Cir. 2010) ("Rather, our judgment is limited to the rulings over which we have appellate jurisdiction, *viz*, remand of the subject cases to state court for failure of the proponents of CAFA jurisdiction to demonstrate that statute's amount-in-controversy requirement is met."); *Patterson*, 448 F.3d at 742 ("CAFA provides only for review of a remand order premised on the prerequisites of § 1453 or on claims with an adequate nexus to CAFA."); *Wallace v. La. Citizens Prop. Ins. Corp.*, 444 F.3d 697, 700 (5th Cir. 2006) ("The application of § 1453(c)(1) is therefore limited to the context of CAFA.").

In sum, our court, faced with the identical circumstance, has noted that "[w]e do not have jurisdiction to review the district court's decision to remand for lack of diversity jurisdiction, but we may review its decision to remand for lack of CAFA jurisdiction." *Berniard*, 481 F. App'x at 860. Because we find our court's discussion in *Berniard* to be persuasive, we turn to CAFA jurisdiction.

## II.

"CAFA contains a basic jurisdictional test for removal, which requires the removing defendant to prove minimal diversity and an aggregated amount in controversy of $5,000,000 or more." *Preston v. Tenet Healthsystem Memorial Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007). Moreover, if the "number of members of all proposed plaintiff classes in the aggregate is less than 100" then CAFA jurisdiction cannot exist. 28 U.S.C. § 1332(d)(5)(B). All parties agree that the minimal diversity requirement is met. The district court, however, found CAFA jurisdiction lacking because "Westlake has failed to prove by a preponderance of the evidence that the jurisdictional minimum is met" and

failed to establish that the number of members of the proposed plaintiff classes is greater than 99. The amount in controversy is dispositive in this case.

Louisiana law prohibits plaintiffs from alleging the amount of damages they seek in their petition. *Berniard*, 481 F. App'x at 862. Accordingly, in such cases we have required "[t]he removing defendant [to] prove by a preponderance of the evidence that the amount in controversy equals or exceeds the jurisdictional amount." *Id.* (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). "[A] defendant seeking to sustain removal may follow either of two tracks: (1) Adduce summary judgment evidence of the amount in controversy, or (2) demonstrate that, from the class plaintiffs' pleadings alone, it is 'facially apparent' that CAFA's amount in controversy is met." *Id.* at 863. Westlake contends that CAFA jurisdiction exists under either track: first, arguing that the $5,000,000 threshold is facially apparent; and second, arguing that its submitted affidavit establishes the amount in controversy.

1.

In *Berniard*, several consolidated class actions were filed after a tank exploded at a Dow Chemical Company facility in Taft, Louisiana, releasing ethyl acrylate. *Id.* at 861. Our court held that the defendants had not satisfied their burden to prove that the amount in controversy was facially apparent:

> In our *de novo* review, we have aggregated the allegations of all seven consolidated cases, taking care, however, to avoid double counting and repetition in our effort to discern the alleged geographic and temporal reach of the EA release, the likely population of the affected class, and the effect of the release on the limited number of potentially affected plaintiffs. As a result, we cannot say that Defendants–Appellants have satisfied their burden under their chosen path of facial apparency.

No. 14-30145

*Id.* at 864. The same is true here, as the *Perritt* petition alleges that the "class consists of those persons in or near the community of Geismar, Louisiana who sustained compensable damages," and the *Hollins* petition alleges that the class consists of persons "near the communities of Geismar and St. Gabriel, Louisiana who sustained compensable damages." As in *Berniard*, defendants "overstate the reach of the plaintiffs' petitions by improperly equating the geographic areas in which potential plaintiffs might reside with the population of the plaintiff class itself. Further, the comparisons that the Defendants–Appellants make to damage recovery in similar cases is too attenuated to satisfy their burden." *Berniard*, 481 F. App'x at 864.

2.

While the district court rejected Westlake's submitted affidavit in opposition to remand, the affidavit does not sustain jurisdiction under CAFA.[2] Westlake argues that the affidavit "suggest[s] that a putative class of at least 1,500 persons would be appropriate in this circumstance." But the affidavit does little more than recapitulate census numbers of the allegedly affected areas and identify the scope of the "shelter-in-place" order. This affidavit does not add to the petitions' allegations and "improperly equat[es] the geographic areas in which potential plaintiffs might reside with the population of the plaintiff class itself." *Berniard*, 481 F. App'x 859.

---

[2] We have noted that "[w]hile post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 n.18 (5th Cir. 1998) ("We have considered a post-removal *affidavit* when the jurisdictional amount was ambiguous on the face of the state petition.").

No. 14-30145

Moreover, Appellants' affiant does not provide any estimate of the claims Westlake expects to pay as a result of this incident.[3] Westlake avers that VCM is dangerous when inhaled in "extremely high concentrations," but does not explain what an "extremely high concentration" is, nor does it explain how much VCM was released as a result of this incident beyond "reportable quantities." Indeed, Westlake's affidavit confirms the limited nature of this event; it avers that the fire in the VCM column "was extinguished within approximately 20 minutes after the release began," and that the Mississippi River was closed for a "limited period." *Berniard* again persuades. In *Berniard*, the plaintiffs'

> pleadings also contain minimizing allegations, such as the fact that the road closure and evacuation of residents implemented by the DEP covered only a two mile stretch to the east of the Taft facility, as well as implications and deductions that in reality the release was quickly contained atmospherically diluted, and relatively minor and temporary in its deleterious effects, and that the incident was short lived, with normalcy being restored in short order.

*Berniard*, 481 F. App'x at 862; *see also id.* at 863 ("[B]ald exposure extrapolations are insufficient to establish the likely number of persons affected by the release or, for those affected, the severity of their harm."). Equally here, the petitions allege that the chemical release "caused the shelter in place of an area of at least one mile radius from the release site and caused the closing off of several major roads and closing of the Mississippi River to traffic for a period of *several hours*." As such, the district court was correct that

---

[3] *See e,g.*, *Gaudet v. Am. Home Shield Corp.*, No. 11-1857, 2012 WL 601884, at \*3 (E.D. La. Feb. 23, 2012) (relying on defendant's affidavit, which "estimates that Defendant denied air conditioning claims totaling more than $5,000,000 based on improper maintenance or lack of maintenance and that the total for all claims would be higher")

defendants have not "provide[d] [a] reliable metric for determining the nature and extent of" plaintiffs' damages.[4] Accordingly, defendants have not met their burden, and CAFA jurisdiction does not exist.

## CONCLUSION

For the above stated reasons, the district court is AFFIRMED.

---

[4] *See, e.g.*, *Cannon v. Dow Chem. Co.*, No. 08-1397, 2008 WL 2308897, at *3 (E.D. La. June 2, 2008) ("Indeed, Defendant's estimate is based on the entire population of St. Charles Parish in their memorandum, not the putative class as defined by the Plaintiffs. To reach the conclusion that the jurisdictional minimum was satisfied, the court would need to engage in impermissible speculation-evaluating without the benefit of any evidence [of] the value of individual claims." (internal quotations omitted)).