# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20519
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 3, 2019

Lyle W. Cayce
Clerk

COBALT INTERNATIONAL ENERGY, INCORPORATED,

Plaintiff - Appellee

GAMCO GLOBAL GOLD, NATURAL RESOURCES ; INCOME TRUST;
GAMCO NATURAL RESOURCES, GOLD ; INCOME TRUST; JACK E.
GOLDEN; JON A. MARSHALL; D. JEFF VAN STEENBERGEN; MYLES W.
SCOGGINS; MARTIN H. YOUNG; WILLIAM P. UTT; KENNETH W.
MOORE, JR.; JAMES W. FARNSWORTH; JOSEPH H. BRYANT; JOHN P.
WILKIRSON; J. HARDY MURCHISON; PETER R. CONEWAY; N. JOHN
LANCASTER, JR.; HENRY CORNELL; KENNETH A. PONTARELLI,

Intervenor Plaintiffs - Appellees

v.

ALTERRA AMERICA INSURANCE COMPANY,

Defendant - Appellant

ALLIED WORLD ASSURANCE COMPANY,

Intervenor Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-734

No. 19-20519

Before HIGGINBOTHAM, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellee Cobalt International Energy, Inc. ("Cobalt") is a party to two suits relevant to this appeal. The first is a class action that originated in federal court. The second, a suit for insurance coverage of losses stemming from the class action, was filed in state court but removed to federal court by Defendant-Appellants Alterra America Insurance Company ("Alterra") and Allied World Assurance Company ("Allied World"). Following removal, Cobalt filed a motion to remand the case to state court. The district court granted that motion, and Alterra and Allied World appealed. For the reasons stated below, we affirm.

## I. BACKGROUND

Cobalt was a Texas-based oil exploration and production corporation that engaged in offshore exploration in Angola, West Africa. At some point prior to the litigation discussed herein, Cobalt purchased management liability insurance policies to provide primary and excess liability coverage for itself and its officers and directors.[1]

In 2011, Cobalt disclosed that the United States Securities and Exchange Commission and United States Department of Justice were investigating allegations of connections between the company's Angolan local partner and senior Angolan government officials. In 2013 and 2014, Cobalt disclosed that certain of its wells in Angola did not contain viable oil reserves. Those disclosures led to a consolidated class action ("the class action"). GAMCO

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Much of the litigation below involves Cobalt, its directors, and its officers. For brevity, this opinion refers to those parties together as "Cobalt."

No. 19-20519

Global Gold, Natural Resources, and Income Trust and GAMCO Natural Resources, Gold & Income Trust (the "GAMCO funds") together serve as lead plaintiffs in that case.

Cobalt and the class signed a settlement agreement ("the class action settlement agreement") in October 2018. Under the terms of the settlement agreement, Cobalt agreed to pay $220 million. That amount was payable exclusively from Cobalt's liability policies, and the parties agreed that Cobalt and the GAMCO funds would together pursue recovery against Cobalt's insurers. Cobalt and the GAMCO funds further agreed to divide any proceeds from litigation against the insurers. The district court granted preliminary approval of the agreement in November of the same year and finally approved the agreement after a hearing on February 13, 2019.

In May 2016—while the class action was pending—Cobalt filed suit in Texas state court seeking insurance coverage for losses arising out of the class action (the "insurance coverage suit").[2] The GAMCO funds intervened in the insurance coverage suit in January 2019, asserting a right to do so based on the proposed settlement agreement in the class action. Illinois National Insurance Company ("Illinois National")—a defendant in the insurance coverage suit—almost immediately filed a motion to strike the GAMCO funds' petition in intervention. Illinois National argued that the GAMCO funds did not have standing in the coverage litigation because the class action settlement agreement had not yet received final court approval.

On February 1, 2019, before final court approval of the class action settlement agreement and before Illinois National's motion to strike was

---

[2] The defendants in the insurance coverage action are insurance companies who issued liability policies providing insurance coverage to Cobalt and its directors and officers. According to Cobalt, the policies require the insurers to advance defense costs and pay losses to Cobalt that were sustained from, among other things, government investigations and private lawsuits.

heard, Cobalt and the GAMCO funds jointly filed a fifth amended petition joining Alterra and Cobalt's twelve other remaining excess insurers to the insurance coverage action. Allied World, which had intervened in the insurance coverage action in September 2018, then removed the insurance coverage action to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA" or the "Act"). Alterra joined in Allied World's removal three days later.

Cobalt filed a motion to remand, arguing both (1) that Allied World's removal was untimely because it was not filed within thirty days of the GAMCO funds' intervention; and (2) that the coverage action is not a "class action" for purposes of CAFA. The district court agreed with both of Cobalt's arguments, concluded that it lacked subject matter jurisdiction over the insurance coverage action, and granted the motion to remand. Allied World and Alterra (together, "Defendant-Appellants") appealed.

## II. STANDARD OF REVIEW

This court reviews a district court decision remanding a suit for lack of subject matter jurisdiction *de novo*. *Perritt v. Westlake Vinyls Co., L.P.*, 562 F. App'x 228, 230 (5th Cir. 2014).

## III. DISCUSSION

To evaluate whether the district court properly granted Cobalt's motion to remand, this court must first consider whether the notice of removal was timely. We conclude that it was not.

Federal law requires a defendant seeking to remove a civil action to federal court to file a notice of removal within 30 days of either (1) the defendant's receipt of a copy of the initial pleading, or (2) service of summons upon the defendant. 28 U.S.C. § 1446(b)(1). If a case is not removable based on its initial pleading, the 30-day deadline runs from the defendant's receipt of an

No. 19-20519

amended pleading or other document "from which it may first be ascertained" that the case is eligible for removal. 28 U.S.C. § 1446(b)(3).

The GAMCO funds filed a petition in intervention in the insurance coverage action on January 22, 2019. In Texas, intervention occurs the moment the intervening party files its petition. Tex. R. Civ. P. 60 ("Any party may intervene by filing a pleading . . ."); *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990) ("An intervenor is not required to secure the court's permission to intervene."). Assuming momentarily that the insurance coverage action did in fact become a class action under CAFA because of the GAMCO funds' status as lead plaintiffs in the federal class litigation, Defendant-Appellants were on notice that the case was eligible for removal when the GAMCO funds intervened. Therefore, any defendants must have removed the insurance coverage action to federal court within 30 days of January 22 (i.e., on or before February 21). Allied World's notice of removal was not filed until March 1 and was therefore untimely.[3]

Alterra's later joinder in Allied World's untimely removal is not curative. Each defendant has 30 days following service of an initial pleading to "file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). As noted above, Cobalt and the GAMCO funds first named Alterra in their fifth amended petition. With respect to Alterra, that amended petition was the "initial pleading" for purposes of 28 U.S.C. § 1446(b)(2)(B). Alterra's 30-day deadline to remove

---

[3] Defendant-Appellants maintain that they were unable to ascertain that the insurance coverage action was eligible for removal until the district court's final approval of the class action settlement agreement mooted Illinois National's motion to strike. However, they cite no Texas law indicating that a pending motion to strike itself nullifies a petition in intervention. The intervention remains valid until a court, in response to a motion to strike, strikes the petition. *See* Tex. R. Civ. P. 60 ("Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party."); *In re Union Carbide Corp.*, 273 S.W.3d 152, 155 (Tex. 2008) ("[P]arties to [a] pending case may protect themselves from the intervention by filing a motion to strike").

therefore started to run on February 11, 2019, the date the fifth amended petition was served. Alterra's notice of joinder was filed on March 4, 2019—within that deadline. But Alterra did not file its own notice of removal, instead choosing to join the previous (and untimely) notice filed by Allied World. Indeed, Alterra's filing was titled "Joinder of Defendant Alterra America Insurance Company" and reflected that Alterra "joins in the Notice of Removal filed March 1, 2019." Given the clear language of the removal statute, which directs each defendant to file its own "notice of removal," Alterra's joinder was insufficient.

## IV. CONCLUSION

Defendant-Appellants failed to timely remove the insurance coverage action to federal court. The district court's order granting Cobalt's motion to remand is AFFIRMED.